OPINION
The defendant-appellant, Marvin D. Bair ("appellant") appeals the judgment of the Seneca County Court of Common Pleas adjudicating him to be a sexual predator pursuant to R.C. 2950.09. For the following reasons, we affirm the judgment of the trial court.
The procedural history of this case is as follows. On February 4, 1997, the appellant plead guilty to one count of attempted rape, in violation of R.C. 2923.02 and 2907.02(A)(1)(b), one count of attempted felonious penetration, in violation of R.C. 2923.02
and 2907.12(A)(1)(b), and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(3). The appellant was sentenced to indeterminate terms of seven to fifteen years imprisonment on the first two charges and a definite term of two years imprisonment on the third charge. All the aforementioned sentences were ordered to be served concurrently.
While serving his prison term, the Ohio Department of Rehabilitation and Corrections recommended that the appellant be classified a sexual predator. A hearing was held on November 29, 1999, in the Seneca County Court of Common Pleas. At the conclusion of the hearing, the trial court found that the appellant was a sexual predator pursuant to R.C. 2950.09. It is from this judgment that the appellant appeals, asserting two assignments of error.
Assignment of Error No. 1
 The trial court reversibly erred, as its sexual predator determination was against the manifest weight of the evidence, thereby violating O.R.C. § 2950.01(E), § 2950.09(B) and § 2950.09(C).
 The appellant argues that the trial court erred in finding him to be a sexual predator. Specifically, the appellant maintains that the court's decision is not supported by clear and convincing evidence. For the following reasons, we disagree.
We must first note that R.C. 2950.09(E) defines the term "sexual predator" as follows.
 A person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
 R.C. 2950.09(C)(2) states that after reviewing all the testimony, evidence, and the factors specified in R.C. 2950.09(B)(2), the court shall determine by clear and convincing evidence whether the offender is a sexual predator. The Supreme Court of Ohio has stated the following with respect to the term "clear and convincing evidence."
 [It] is the measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
 State v. Schiebel (1990), 55 Ohio St.3d 71, 74 citing Cross v. Ledford (1954), 161 Ohio St. 469.
The appellant first challenges the evidence presented by the State in this matter. The evidence consisted of a post-sentence report prepared three years ago, at the time the appellant was sentenced. Given that this was the only evidence presented by either party, the trial court's determination was based solely on this report.
The Supreme Court of Ohio in State v. Cook (1998), 83 Ohio St.3d 404, held that a sexual predator determination hearing is similar to a sentencing or a probation hearing in that it is well-settled that the Ohio Rules of Evidence do not strictly apply. Id. at 425. Thus, the Court concluded that reliable hearsay may be relied upon by the trial judge in deciding whether to classify an offender as a sexual predator. Id. We have previously held that a pre-sentence investigation report is intrinsically unbiased, reliable, and trustworthy and therefore proper evidence in a sexual predator hearing.[1] State v.Marker (Sept. 1, 1999), Seneca App. No. 13-99-05, unreported.
The appellant also contends that the evidence in this case is inadequate as a matter of law. Specifically, the appellant argues that the information in the post-sentence report does not prove by clear and convincing evidence that the appellant is likely to commit another sexually oriented offense.
In this case, the evidence shows that the appellant molested his three year-old stepdaughter in August of 1990. This occurred while the mother of the child was at work and the child had been left in the appellant's care. The child was examined by a physician shortly after she reported the incident and the physician found physical findings consistent with digital penetration or fondling. A rape kit was performed with no semen being found. However, a blanket taken from the child's bed tested positive for semen. A Child Development Specialist also evaluated the child. During the evaluation, the child told the specialist that the appellant had "touched her pee pee with his pee pee." The child also indicated that the appellant had touched her genital area and had put his mouth on her mouth, as well as on her genital area.
The mother of the child (also the appellant's wife) confronted the appellant with these allegations, which he denied. He was then asked to leave the residence. The appellant left the state that day and could not be located until five years later, in November of 1995. When questioned by a detective from Seneca County, the appellant stated that he remembered the events of August 30, 1990 and that he left Tiffin that same day for Orlando, Florida. In his presentence investigation questionnaire, the appellant stated the following.
 The crime I com. was to have sexual relations with a child under the age of 13. I give no excuse for the crime. I was on drugs back then and can barely even remember the inc. [sic]
 A blood sample was obtained from the appellant for the purpose of DNA testing. The tests revealed that the DNA from the appellant and the semen from the evidence at the scene of the crime matched.
The evidence also revealed that the appellant had an extensive history of criminal activity both prior to and after this incident. The appellant's offenses included forgery, breaking and entering, trespassing, multiple counts of domestic violence, resisting arrest, and no operator's license.
The trial court reviewed this evidence and carefully weighed all the relevant factors, including, but not limited to, those set forth in R.C. 2950.09(B)(2). The court specifically based its determination on the age of the appellant and the victim at the time of the attack. The appellant was twenty-four years old and the victim was three-years old. The court also specifically addressed the criminal history of the appellant. The trial court then relied on the those factors and others that are in the pre-sentence investigation report and found by clear and convincing evidence that the appellant was a sexual predator pursuant to R.C. 2950.09(C). The trial court had sufficient evidence to conclude that the appellant is likely to commit a sexually oriented offense in the future and therefore, properly classified the appellant as a sexual predator.
Accordingly, the appellant's first assignment of error is not well taken.
Assignment of Error No. 2
 The trial court committed plain error by determining the defendant/appellant to be a sexual predator, for the reason that O.R.C. § 2950.09(B)(2) encroaches upon the power of the judiciary, by said statute requiring and so mandating that the court consider certain evidentiary factors in making a finding of fact, thereby violating the separation of powers implicit in the Ohio Constitution, under Article IV, Section 1, and under Article II, Section 32, and also violating the due process clause of the Fourteenth Amendment to the Constitution of the United States.
 The appellant contends that the factors prescribed in R.C. 2950.09(B)(2) encroach upon the judicial power, in violation of the separation of powers implicit in the Ohio Constitution. For the following reasons, we disagree.
Revised Code § 2950.09(B)(2) provides that "in making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors including, but not limited to, all the following." The statute than lists ten factors which include the offender's age, prior criminal record, mental illness, the number and age of the victims, whether drugs or alcohol were involved, whether threats were used or a pattern of abuse was demonstrated, and any additional behavioral characteristics that contribute to the offender's conduct.
The appellant argues that in prescribing these factors, the legislature impermissibly encroached upon the powers of the judiciary. The appellant cites the Second District Court of Appeals ruling in State v. White (Nov. 5, 1999), Miami App. No. 98-CA-37, unreported, as support for his contention. This Court has previously addressed this issue and failed to follow the reasoning set forth by the Second District in White. In State v.Barnett (Feb. 8, 2000), Seneca App. No. 13-99-48, unreported, we upheld the constitutionality of R.C. 2950.09 and found that the mandated factors in R.C. 2950.09(B)(2) do not encroach upon the powers of the judiciary. We continue to hold to this view. Furthermore, the Supreme Court of Ohio has recently held that R.C. 2950 is facially constitutional. State v. Williams (2000), 88 Ohio St.3d ___.[2] For those reasons, we find the appellant's second assignment of error without merit.
Accordingly, the appellant's second assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 ______________________________ HADLEY, PRESIDING JUDGE
 WALTERS and BRYANT, JJ., concur.
[1] A pre-sentence report and a post-sentence report are essentially the same, the only difference being the time at which they were prepared.
[2] This decision was rendered by the Supreme Court of Ohio on May 5, 2000 and has yet to be assigned a page number.